IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AMELIA PANDO, | ) |
|       Plaintiff, | ) |
| v. | ) |
| LOWE'S MARKET, | ) |
|       Defendant. | ) Civil Action No. 5:15-CV-218-C |

## ORDER

On this day, the Court considered:

(1) Defendant Pay and Save, Inc.'s (Lowe's)[1] Motion for Summary Judgment, filed March 13, 2017; and

(2) Plaintiff Amelia Pando's Response, filed April 3, 2017.

Having considered the foregoing, the Court is of the opinion that Defendant's motion should be **GRANTED**.

### I. BACKGROUND

Plaintiff Amelia Pando was employed by Defendant Lowe's from January to March of 2014 at one of its stores in Odessa, Texas. During her term of employment, Pando alleges that she was sexually harassed by one of her co-workers (Raul). She claims that she told Raul to stop and made multiple reports of his conduct to managers at the store but nothing was ever done to stop or discourage Raul's conduct. Pando quit her job at Lowe's following an altercation

---

[1] Defendant Pay and Save, Inc. owns and operates approximately 152 grocery and hardware stores using the Lowe's name; it states in its motion for summary judgment that it has been incorrectly sued as Lowe's Market in this civil action.

between Raul and her husband in March 2014 and later brought this suit asserting claims for hostile work environment and constructive discharge based on Lowe's alleged failure to stop the harassment. Lowe's now moves for summary judgment.

## II. STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tagore v. United States*, 735 F.3d 324, 328 (5th Cir. 2013). A material fact is one that might affect the outcome of the case under the governing law; a dispute concerning a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Tagore*, 735 F.3d at 328 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (quotations omitted). To determine whether a genuine dispute exists such that the case must be submitted to a jury, courts must consider all of the evidence in the light most favorable to the non-moving party, draw all reasonable inferences in favor of the non-moving party, refuse to make credibility determinations or weigh the relative strength of the evidence, and disregard all evidence favorable to the movant that the jury would not be required to believe. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013).

If the burden at trial would be on the non-moving party, the movant need only demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). The burden then shifts to the non-moving party to produce evidence showing the existence of a genuine issue of material fact for trial. *Bayle*, 615 F.3d at 355; Fed. R. Civ. P. 56(e). To meet this burden, the non-movant must go beyond the pleadings and present specific

facts indicating a genuine issue for trial. *Bayle*, 615 F.3d at 355. "[C]onclusory statements, speculation, and unsubstantiated assertions" are not specific facts and are not sufficient to defeat a motion for summary judgment. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

### III. DISCUSSION

**A. Sexual Harassment (Hostile Work Environment)**

Lowe's argues that it is entitled to summary judgment on Pando's sexual harassment claim for three reasons: (1) Pando never reported her perceived issues to the company and never gave the company a fair opportunity to investigate or remedy the situation; (2) even if Pando had complained, her allegations do not constitute discrimination or harassment as a matter of law; and (3) Pando's claims are untimely and Pando failed to properly exhaust her administrative remedies.

The Court first addresses the allegation that Pando's claims are untimely under Title VII and that Pando has not properly exhausted administrate remedies because these arguments are jurisdictional. *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). Lowe's asserts that when Pando filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 20, 2014, she omitted several allegations set forth in this lawsuit from her charge. Accordingly, Lowe's argues, this Court lacks subject-matter jurisdiction over Pando's complaint to the extent that it relies on these omitted allegations. Pando responds that her EEOC charge complains of sexual harassment by Raul and lists some non-exclusive examples of specific conduct but is broad enough to encompass all of the allegations forming the

basis for her present civil complaint.[2] Having reviewed the EEOC complaint, the Court is of the opinion that it is sufficiently broad to encompass Pando's complaints in this lawsuit and that Pando has otherwise timely exhausted her administrative remedies.

Next, Lowe's argues that Pando has not shown that Lowe's knew or had reason to know about the alleged sexual harassment and therefore cannot satisfy the fifth element of her claim. Under Title VII, a hostile work environment claim based on sexual harassment requires proof of five elements:

> (1) *the employee belongs to a protected group*, *i.e.*, a simple stipulation that the employee is a man or a woman; (2) *the employee was subject to unwelcome sexual harassment*, *i.e.*, sexual advances, request for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee; (3) *the harassment complained of was based upon sex*, *i.e.*, that but for the fact of her sex, the plaintiff would not have been the object of harassment; (4) *the harassment complained of affected a 'term, condition or privilege of employment,'* *i.e.*, the sexual harassment must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment; [and] (5) *respondeat superior*, *i.e.*, that the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Jones v. Flagship Int'l*, 793 F.2d 714, 719–20 (5th Cir. 1986) (italics in original). Lowe's claims that, because Pando admittedly did not report any sexual harassment to the human resources department, the corporation never knew or had reason to know about the alleged incidents. But Pando has testified that she made multiple reports to the store manager and assistant manager that were ignored and never investigated. Pando's husband also testified that he made at least three reports to the store manager and also personally called the company's human resources

---

[2]The portion of Pando's EEOC charge referenced by Lowe's clearly states that "[e]xamples include, but are not limited to . . . ." Pl.'s App. in Supp. of Her Resp. to Def.'s Mot. for Summ. J. 10.

4

department to make a report. Importantly, Lowe's does not dispute that these reports were made and has not offered any contradictory testimony from its store managers; instead, Lowe's argues only that Pando herself never made any written reports to human resources.[3] The Court is of the opinion that the testimony of Pando and her husband regarding reports made to management personnel at the store and human resources create a genuine issue of material fact as to whether Lowe's knew about the alleged sexual harassment incidents and whether Lowe's failed to take prompt remedial action prior to March 2014.

Lowe's further argues that it is entitled to summary judgment on the sexual harassment claim because Pando cannot satisfy the other elements of her claim (specifically the fourth element) and her allegations regarding Raul's conduct do not rise to the level of sexual harassment sufficient to create a hostile working environment as a matter of law. "Conduct sufficient to create a hostile working environment must be severe or pervasive." *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir. 2005). "To be actionable, the alleged harassment must have created an environment that a reasonable person would find hostile or abusive." *Id*. Courts must determine whether an environment is sufficiently hostile or abusive by looking to the totality of the circumstances, including factors such as "the frequency of the conduct, its severity, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." *Id*. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not

---

[3] This argument is unpersuasive because Lowe's own policies instruct employees to address complaints to their immediate supervisor and then to the store manager prior to contacting human resources. Additionally, nothing in the internal policies cited by Lowe's requires that any reports of harassment or hostile work environment be in writing. App. in Supp. of Def.'s Br. in Supp. of Its Mot. for Summ. J. 62–63.

amount to discriminatory changes in the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999).

In this case, Pando complains that her co-worker, Raul, (1) showed her sexually explicit graffiti on a bathroom wall that she inferred was written by him and further inferred was referencing her; (2) frequently hugged and kissed *other women* in the store in a way that made her feel uncomfortable; (3) showed off his arm muscles in front of her; (4) made some gestures that she believed were sexually suggestive and harassing; (5) went out of his way to be around her and frequently watched her during the work day from at least 10 to 15 feet away; (6) called her "mamacita" and made other attempts to flirt with her during the work day; (7) touched her on the back of her shoulder on one occasion and in the middle of her back on another occasion; (8) told her on one occasion there was more graffiti he wanted to show her; and (9) stalked her outside of the store.[4] With respect to the gestures, Pando does not describe the exact nature of the gestures or the frequency with which they were made. As for the complaints of touching, Pando does not allege that Raul ever attempted to make physical contact with her or violate her immediate personal space other than on the two occasions where he touched her on her middle or upper back, over her clothes. And while Pando asserts that she believes Raul was stalking her, she has no objective evidence of this other than her own suspicions. Moreover, Raul's alleged

---

[4]Pando also complains about a physical altercation that apparently took place between Raul and Pando's husband. But this altercation occurred off of Lowe's property at a time when Lowe's was not exercising control over Raul, and Pando was not even present at the time; the Court is therefore of the opinion that this allegation is not directly relevant to Pando's hostile work environment claim against Lowe's.

conduct outside of work hours may give Pando valid claims against him under state law, but that conduct would not be relevant to her Title VII allegations because it did not occur at work.

Having examined all of the summary judgment evidence in the light most favorable to Pando and drawn all reasonable inferences in her favor, the Court can conclude that Raul likely acted in an inappropriate manner towards Pando on at least a couple of occasions. But, while Raul's behavior may have been unwelcome by Pando and may have even risen to a level that would objectively be considered "boorish and offensive," the Court cannot conclude that it was so severe or extreme as to constitute a hostile work environment as a matter of law. *Shepherd*, 168 F.3d at 874. This is supported by the fact that the investigation conducted by Lowe's after receiving Pando's resignation letter revealed no objective evidence of the harassment and produced no other witnesses or complainants of sexual harassment by Raul or other employees.

## B. Constructive Discharge

Lowe's also moves for summary judgment on Pando's constructive discharge claim, arguing (1) that Pando failed to report any harassment prior to her resignation and (2) that Pando's allegations (even if they were true) do not rise to the level necessary to prove that she was constructively discharged.[5] To determine whether an employer's actions constitute a constructive discharge, courts must ask whether working conditions were "so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Perret v. Nationwide Mut. Ins. Co.*, 770 F.3d 336, 338 (5th Cir. 2014). A claim for constructive discharge

---

[5] It is undisputed that Pando was not terminated from her job, and her Title VII claim for sexual harassment (hostile work environment) therefore relies upon the constructive discharge pleaded in her complaint as the adverse employment action.

requires a "greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment." *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998).

First, the Court is of the opinion that there is a fact issue as to when Pando first reported the alleged harassment and whether Lowe's (through its store management) knew about Raul's conduct for the reasons stated above. But, even evaluating the evidence in the light most favorable to Pando and assuming that she timely reported Raul's behavior, the Court is of the opinion that Lowe's is still entitled to summary judgment. If Raul's conduct was not sufficiently hostile and pervasive as to constitute a hostile work environment (as discussed above), then it likewise could not have been sufficient to create a constructive discharge as a matter of law. *See Perret*, 770 F.3d at 338; *Benningfield*, 157 F.3d at 378.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED** and final judgment will be entered that Plaintiff take nothing on her claims against Defendant.

SO ORDERED this 21st day of April, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

8